**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ERIKSSON RIGOBERTO ESTRADA-CANTARERO,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-2714-G** |
| **WARDEN, et al.,** | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Eriksson Rigoberto Estrada-Cantarero, a noncitizen proceeding pro se,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[2] United States District Judge Charles B. Goodwin referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C.

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

§ 636(b)(1)(B), (C). Doc. 3. Respondents filed a response, Doc. 7,[3] and Petitioner replied. Doc. 8. So, the matter is at issue.

For the reasons below, the undersigned recommends the Court grant the habeas petition in part and order Respondents to provide Petitioner with a constitutionally adequate bond hearing.

## I. Factual background and procedural history.

Petitioner is a native and citizen of Honduras who entered the United States at an unknown time and location. Doc. 7, at 1. Immigration and Customs Enforcement (ICE) took him into custody on August 19, 2026. *Id.*; Doc. 1, at 4. An immigration judge administratively closed Petitioner's case in 1999.[4] Respondents state that ICE's Office of the Principal Legal Advisor has moved to reopen the case. Doc. 7, Ex. 1, at 4.

Petitioner states he has lived in Texas for 28 years, graduated from high school in Texas, and is fluent in English. Doc. 8, at 1. He states he has two U.S.-citizen children, and that he has no felony criminal history, in contrast to Respondents' paperwork. *Id.* He does not understand what crimes he is accused of committing and has not been seen by a judge. Doc. 1, at 6-7. He

---

[3] The Warden of the Diamondback Correctional Facility, Fred Figueroa, is not a federal official and the Government did not file its response on his behalf. Doc. 7, at 1 n.1.

[4] *See* https://acis.eoir.justice.gov/en/caseInformation (last visited Nov. 24, 2026).

claims his detention violates his Fifth, Sixth, and Eighth Amendment rights. *Id.*

## II. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis,* 533 U.S. 678, 687-88 (2001)).

## III. Discussion.

### A. 8 U.S.C. § 1226 applies to Petitioner.

Respondents concede that 8 U.S.C. § 1226 applies to Petitioner. Doc. 7, at 1 (citing *Santillan Quiroz v. Mullin,* 180 F.4th 1226, 1237 (10th Cir. 2026) ("We hold that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A).")).

### B. Petitioner is entitled to a bond hearing.

Petitioner is entitled to a bond hearing under § 1226(a). *See, e.g.*, *Santillan Quiroz*, 180 F.4th at 1247 (explaining that noncitizens subject to § 1226(a) are "eligible for bond").

"Unlike § 1225(b)(1), § 1226(a) contemplates individualized custody determinations and authorizes release on bond or conditional parole pending completion of removal proceedings." *Zhakhonov v. Grant*, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026). The Government has not provided Petitioner with an individualized custody determination since his detention in August 2026. Doc. 1, at 7; *see, e.g.*, *Zhakhonov*, 2026 WL 1865418, at *3 ("[T]he process afforded by § 1226(a) itself serves as the mechanism through which a detainee's liberty interest is protected.").

Thus, the Court should grant the petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) within ten days; if they fail to do so, they must release Petitioner. *See, e.g.*, *Santillan Quiroz*, 180 F.4th at 1251 n.13 (directing district court to order the government to provide the petitioner a bond hearing within seven days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a).").

## IV. Recommendation and notice of right to object.

For the reasons above, the undersigned recommends the Court **grant** the petition **in part and order Respondents to provide Petitioner with**

**an individualized bond hearing before a neutral Immigration Judge within ten days; if they fail to do so, they must release Petitioner.** The undersigned also recommends that the Court order Respondents to certify their compliance with the Court's order by filing a status report within ten business days of the Court's order, and to promptly provide a copy of the Court's order adopting this Report and Recommendation to counsel for the Warden of the Diamondback Correctional Facility.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by December 4, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[5] The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation

[5] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28"); *see also Whitmore v. Parker,* 484 F. App'x 227, 231 & n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance–particularly where strict application would undermine the habeas review process").

disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 25th day of November, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE